DORA ORLECK *vs.* VITTORIO BASILE.

FEBRUARY 7, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action in trespass and ejectment is before us on the defendant's exception to a decision, rendered by a justice of the superior court, in favor of the plaintiff for possession of certain premises located at 1164 North Main street, in the city of Providence, in this state, and costs.

When the case first came before us for hearing on November 13, 1946, pursuant to its assignment by the attorneys for the parties, the defendant appeared and requested permission to argue the case personally or to be given an opportunity to obtain another attorney. Thereupon the defendant's attorney of record requested and was given permission to withdraw and the case was continued for hearing to November 22. At that time the defendant appeared without any attorney and requested permission to personally argue the case. He presented a written "Defense Brief", which was apparently prepared by or under the supervision of an attorney, stating in open court that such brief contained all the arguments which he would like to present, if he were to argue orally. Thereupon, by agreement with counsel for the plaintiff and with permission of the court, the case was taken on briefs without further argument.

The only questions involved were: (1) Whether the premises were rented or offered for rent for business, or for living or dwelling purposes within the purview of the Federal Emergency Price Control Act of 1942; and (2) whether the defendant was in arrears in rent for more than fifteen days so as to support this action of ejectment under the laws of this state. If the premises were rented for living or dwelling purposes, within the contemplation of the provisions of the above-mentioned act, a certificate from the administrator of the rent control regulations in this defense-rental area would have been necessary before the plaintiff could succeed. No such certificate was introduced in evidence.

The evidence was sharply conflicting on all material is-

sues. Evidence for the plaintiff showed that she was the owner of the premises in question; that they were rented to and hired by the defendant as a tenant from month to month for store or business purposes and not for living or dwelling purposes; that the premises were used by the defendant for business and not for living or dwelling purposes; and that all rent receipts were signed by her and accepted by the defendant as representing payment of rent for a store. There was also evidence to show that the defendant was in arrears in rent for the months of December 1945 and January 1946, and that all pertinent provisions of the laws of this state had been fulfilled so as to entitle the plaintiff to prevail.

On the other hand the defendant admitted that he had rented the premises for store or business purposes; but he testified that he had built a partition and had used a part of the back portion as a kitchen and living apartment. While he testified that he used part of the premises as a living apartment, he admitted that he still used the premises for business purposes, namely, selling olive oil when it was available. He claimed that he had made extensive alterations or repairs upon an understanding that plaintiff would reimburse him; that the amount expended for painting, if credited to him, would more than pay up to date all alleged arrears in rent; and that his failure to pay the rent during December 1945 and January 1946 was due to the plaintiff's refusal to allow him the amount of certain repairs. These claims were substantially denied by evidence for the plaintiff.

On this conflicting evidence the trial justice found that the premises were hired by the defendant as a store; that they were always so used by defendant; and that the receipts were made out to him to represent payment of rental for a store and were so accepted by him. The trial justice apparently believed the testimony for the plaintiff as to defendant's claims concerning the use of the premises, alterations therein and credits therefor, because he found in sub-

stance and effect, upon all the evidence including the defendant's own testimony, that the defendant had rented and was still using the premises for business purposes; and that there was no reason in the evidence to warrant a decision for the defendant.

Unless the trial justice's findings of fact on conflicting evidence are clearly wrong, his decision should not be set aside. From an examination of all the evidence we cannot say that such findings are clearly wrong. The case, therefore, comes within the usual rule.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Isadore S. Horenstein,* for plaintiff.

*Vittorio Basile,* pro se ipso.